IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MATT TIBBELS,<br><br>　　　　　　Defendant. | CASE NO. 4:21-MJ-3121<br><br>BRIEF IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE'S ORDER OF DETENTION AND RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL |

_____

**FACTS**

Defendant is 58 years old. He was born in Omaha, Nebraska. He has lived in Lincoln, Nebraska for 35 years and has lived in Nebraska his whole life. He has been married for 32 years. Defendant's wife, mother, and one of his sons currently reside in Nebraska. Defendant has lived at his current residence with his wife since 1991. For the past 13 years Defendant has worked at Crete Carrier as a computer programmer.

Defendant has no prior criminal history.

Defendant was arrested on October 7, 2021. On October 8, 2021, Pretrial Services recommended that Defendant be released with conditions.

At the Detention Hearing the Government argued that Defendant posed a risk of danger due to the nature of the charge and the fact that his wife previously operated a daycare at his house. Although the Court took judicial notice of the PC Affidavit attached to the Complaint (Doc. 1) and received the testimony of Agent Peterson, no evidence was offered that any children were present at any time that any of the alleged images/videos were downloaded nor that any children present at the daycare were ever at risk of harm.

The Government failed to present any evidence that Defendant posed a risk to anyone. The Government's evidence failed to demonstrate how the conditions suggested by Pretrial

1

were insufficient.

Defendant argued that he was neither a flight risk nor a risk of danger to the community. However, to alleviate the Government's concerns regarding Defendant's wife's continued operation of the inhouse daycare, Defendant presented the testimony of his wife at the hearing. Theresa Tibbels testified that she had no intention of running the daycare while this case is pending. (T.17:14-20). As no children would be located at Defendant's residence his release would not pose any threat to the community. (T.20:11-14). Mrs. Tibbels also agreed to act as a third-party custodian to Defendant while he was on pretrial release. (T.17:21-19:2). The Government failed in any showing that she was not fit or appropriate to serve that role.

In ordering Defendant detained, the Court relied on the same information evaluated by Pretrial Services when they recommended release. It appeared that the Court incorrectly determined that children were present when the images were alleged to have accessed (not supported by the evidence) and that minor children at the daycare were at risk prior to Defendant's arrest (also not supported by the evidence).

The Court relied heavily on the fact that Exhibit 1, an Interim Agreement to operate the daycare was signed by Mrs. Tibbels, to cast doubt on her sworn testimony that she did not intend to operate the daycare. The uncontroverted evidence at the hearing was that Mrs. Tibbels was contacted by State authorities and presented with the Interim Agreement (Exhibit 1). (T.16:3-25). She did not solicit or request it. (T.17:2-6). She did not prepare it. She was ordered to provide a copy of it the families. (T.16:20-25). Her unchallenged testimony was that she expressed to the individual that presented the document to her that she did not intend to operate the daycare. (T.17:7-13).

## STANDARD OF REVIEW

The District Court, pursuant to 18 U.S.C. § 3145(b), when called to act upon a motion to revoke or amend a magistrate's pretrial detention order, will review the matter de novo and is required to make an independent determination of the proper pretrial detention or conditions for release. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985).

## ARGUMENT

It has been established that "a defendant may be detained before trial '[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will reasonably assure the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003), *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc); 18 U.S.C. § 3142(c), (e)-(f)). However, since Defendant was indicted under 18 U.S.C. § 2252(a), a statutory rebuttable presumption arose "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Abad*, 350 F.3d at 797 (quoting 18 U.S.C. § 3142(e)).

At the hearing, Defendant overcame this presumption by refuting the Government's argument that his release would pose a danger to the operation of the daycare as his wife testified she will not run it and no minor children will be in the house. Additionally, as a third party custodian, additional safeguards would be in place. Defendant indicated to the Court that he would comply with the suggested conditions of release that included location monitoring, counseling, a curfew, prohibition from having any contact with minors and computer restrictions/monitoring. (T.24:20-25:12). Defendant did discuss a potential conflict

3

with two stated provisions regarding use of a computer, but indicated he would comply with the conditions.

The Court erred in finding that Defendant failed to rebut the presumption. Mrs. Tibbels' testimony regarding Exhibit 1 explained that she did not seek the Interim Agreement and expressed to both the State official and the Court that she would not operate the daycare. She further agreed to act as third party custodian.

Once the burden shifted to the Government, it failed to prove that no conditions exist to assure Defendant's appearance and the safety of the community. The Government argued only that Defendant was a danger to the community because his wife previously ran a daycare. No evidence was offered that showed that any children at the daycare were ever at any risk, that Defendant ever engaged in any behavior that put any children at risk, or that Defendant accessed any images during any time that children were in the house.

The Government offered no argument or evidence that Defendant posed any flight risk. The Government offered no evidence that the proposed release conditions were inadequate in any way.

Similarly, there was no evidence presented at the hearing or within the Pretrial Services Report to suggest that Defendant would violate a Court order or any conditions of his release. Defendant does not have a criminal record. He does not have any violations of probation. He does not have any failure to appear charges. There is no reason to believe that Defendant would violate any condition of release.

Pretrial Services is tasked with determining what conditions if any could mitigate the risks inherent in releasing an individual. Defendant is presumed to be innocent. Any concern that the Government had regarding the risk to minor children in the home was eliminated by

4

Mrs. Tibbel's sworn testimony that she would not operate the daycare and the conditions prohibiting contact with minors. The Court erred in finding that images were viewed or downloaded when children were present and erred in finding that Defendant posed a risk of danger that could not be addressed with conditions of release. The Court erred when it ordered Defendant detained.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court reverse the Detention Order and order Defendant to be released, subject to the conditions set forth in the Pretrial Services Report.

MATT TIBBELS, Defendant,

BY: /s/Jim K. McGough
Jim K. McGough, #21194
Mark J. Foxall, #27157
McGoughLaw P.C., L.L.O.
11920 Burt Street, Suite 100
PO Box 540186
Omaha, NE 68154
(402) 614-8655
jmcgough@mcgoughlaw.com

## CERTIFICATE OF SERVICE

I certify that on October 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Ms. Tessie Smith
Assistant United States Attorney
100 Centennial Mall North, Suite 487
Lincoln, NE 68508
tessie.smith@usdoj.gov

/s/Jim K. McGough
For the Firm