# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:21CR3133 |
| vs. | PLEA AGREEMENT |
| MATT TIBBELS, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Jan W. Sharp, United States Attorney and Tessie L. Smith, Assistant United States Attorney, and defendant, Matt Tibbels, and Jim K. McGough, counsel for defendant, as follows:

## I
## THE PLEA

A. **CHARGE(S) & FORFEITURE ALLEGATION(S).**

Defendant agrees to plead guilty to Count III of the Superseding Indictment.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Counts I and II at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A. **ELEMENTS EXPLAINED.**

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

The crime of sexual exploitation of a child production of sexually explicit conduct of a minor, as set forth in Count III of the Indictment, has the following elements:

One, at the time alleged, a minor was under the age of eighteen years;

Two, the defendant knowingly:

    a) employed, used, persuaded, induced, enticed, or coerced the minor to engage in

1

sexually explicit conduct; or

    b) had the minor assist another person or persons to engage in sexually explicit conduct; or

    c) transported the minor across state lines, in foreign commerce, in any Territory or Possession of the United States, with the intent that the minor engage in sexually explicit conduct;

Three, the defendant acted with the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct; and

Four,
    a) the defendant knew or had reason to know that such visual depiction e.g., video tape would be mailed or transported across state lines or in foreign commerce; or

    b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone; or

    c) the visual depiction was actually mailed or transported across state lines or transported or transmitted using any means or facility of interstate or foreign commerce.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

This case began as part of a Freenet investigation by the FBI. Freenet is a special type of peer-to-peer network. When a Freenet user requests to download a specific file, the requester's computer requests pieces of the file from multiple of its "peer computers." During the course of the investigation (approximately August 31, 2020 until August 5, 2021), three different IP addresses that were traced to Matt Tibbels' residence, requested pieces of child pornography files from the FBI's Freenet computer. Based on the number of pieces being requested, it appeared that the device connected through Tibbels' IP address was the requestor.

The files that Tibbels requested/received via Freenet included numerous videos depicting minors of varying ages between 3-12 being subjected to sexual abuse including penetration by adult males. The videos sometimes portrayed sex acts between minors of both genders. Additionally some of the files depicted minors engaged in sex acts with animals and some of the

files depicted children being subjected to bondage. Many of the videos were more than 10 minutes long with at least one being over 30 minutes in length.

Once the three IP addresses were traced to the Tibbels residence, law enforcement discovered that the residence was being used as an in-home daycare. A search warrant was issued the day after this discovery. On October 5, 2021, the SW was executed.

It was determined that during most of the pandemic, Mr. Tibbels had been working from home in the basement area of the home. Mr. Tibbels works as a computer programmer and many devices were found in his home-office area of the home. A preliminary review of some devices on the scene revealed child pornography in deleted spaces on the devices. Tibbels and his wife were the only two living in the home during the Freenet investigation.

A forensic examination of the devices seized revealed a total of 887 child pornography image files. Some of the image files depicted collages which included more than one child pornography image in the single file. The examination additionally revealed 147 video files containing child pornography.

A forensic review of Tibbels' computer revealed clear evidence of a strict, 'download, retain for less than a day, delete, and wipe hard drives often,' scheme that the Defendant followed when it came to his child pornography collecting habits. Based on the logs located on Tibbels' computer, the FBI was able to confirm that the Defendant had previously downloaded and deleted the child pornography files revealed in the Freenet investigation, even though the files were not found on the device at the time it was seized. Due to Tibbels' download-delete-and-wipe scheme, the numerous child pornography files found on Tibbels' computer were determined to have been downloaded at least in the few days preceding the search warrant execution in October of 2021.

While reviewing the electronic devices seized, FBI agents observed a video and seven images that depicted a prepubescent girl changing clothes in the main bedroom of the Tibbels' family home. The created date for this video was July 8, 2020. The prepubescent girl in the video appeared unaware of the camera. The video was taken from a low angle with various items obscuring the corners of the frame, indicating that the camera had been hidden. The video was one minute and 47 seconds in length. In the video, the girl walked to the center of the frame wearing a striped swimming suit and carrying a towel. At the 11:31:27 time mark the prepubescent girl can be seen bending over removing the bottom of her swimming suit, leaving her lower half naked.

Also located on the suspect device were seven images of the same prepubescent child from the video mentioned above. The images appear to be screen shots from the video that were enlarged and saved on Tibbels' computer in folders belonging to the Defendant. The still shots show still images of portions of the video when the child's genital area and/or butt is exposed and in the camera's view.

Following the discovery of the video, the child was positively identified. For protection of her identity, she was labeled as Victim 1 in the Superseding Indictment. Victim 1 was born in September of 2011 making her 8 years old at the time the video and still images were created. Victim 1 attended the Tibbels Daycare from the time she was approximately 2 and continued to attend the daycare at least parttime (summers, after school, days off from school, etc) until the middle of 2021. The device that was used to take the video is a device that was made using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

## III
## PENALTIES

A.  COUNT III. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison; and a mandatory minimum of 15 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count;
4. An additional possible special assessment of $5,000 under the Justice For Victims of Trafficking Act;
5. A further special assessment of up to $50,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act; and
6. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
7. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

4

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

1.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a term of imprisonment of 180 to 300 months. This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility. All other sentencing terms and conditions, including but not limited to, the length and terms of supervised release, are left to the discretion of the Court. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

2.  The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's criminal conduct, including all charged and uncharged conduct, regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

- Victim 1 – Whose name and identity will be further provided to the Court and Probation office.

- Any minor victims of the Defendant's criminal activity as determined by the Court.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. <u>CRIMINAL HISTORY</u>.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

D. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

E. <u>STIPULATED REMOVAL</u>.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by

Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States

is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JAN W. SHARP
United States Attorney

_4/27/22_ 4/26/2022  _/s/ Tessie Smith_
Date  TESSIE L.S. SMITH
 ASSISTANT U.S. ATTORNEY

_4/23/22_  _/s/ Matt Tibbels_
Date  MATT TIBBELS
 DEFENDANT

_4/23/22_  _/s/ Jim McGough_
Date  JIM K. MCGOUGH
 COUNSEL FOR DEFENDANT

9