IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MATT TIBBELS,<br><br>　　　　　　Defendant. | 4:21-CR-3133<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 58; filing 58-6.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 58) to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.1(b)(5), which is appropriate when the victim was "in the custody, care, or supervisory control of the defendant." That enhancement

> is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this adjustment, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

*Id.*, cmt. n.5(A). The victim of this offense was secretly recorded changing clothes, and the defendant notes the lack of evidence that he was alone with the victim or had a custodial relationship with her. Filing 58 at 3.

There is some force to the defendant's argument. The Eighth Circuit's reasoning in *United States v. Blue*, construing the effectively identical language of U.S.S.G. § 2A3.1(b)(3) & cmt. n.3(A), is instructive. 255 F.3d 609, 614 (8th Cir. 2001). In that case, the victim and his mother lived with the defendant for several months preceding the sexual abuse that resulted in the defendant's conviction. *Id*. The Court of Appeals held that the district court committed clear error in applying the enhancement, finding that the evidence "does not establish custody but only demonstrates proximity." *Id*. The Court of Appeals noted that the government had failed to prove that the victim's mother transferred the victim's care to the defendant, that the victim trusted the defendant or that the defendant was alone with the victim because of a relationship of trust. *Id*. at 614-15.

There is, admittedly, more in the presentence report in this case than the Eighth Circuit found in *Blue*. The presentence report indicates that the defendant had occasionally been left to care for the children in his wife's home daycare, and the defendant does not dispute that. *See* filing 58 at 3. It's also fair to speculate, given that the victim in this case had been attending the daycare for several years, that she *at some point* may have been left in the defendant's care. But that is little more than speculation, given the lack of direct evidence to that effect and little information about either the victim's schedule at the daycare, or when and how often the defendant was left in charge. And there is nothing to

suggest that he was able to record the victim surreptitiously because of any sort of custodial relationship—rather, the facts here seem entirely consistent with the defendant exploiting his access to the premises, rather than a relationship with the victim. Mere proximity is not enough to establish that a defendant has been entrusted with a child, and "an adult is not entrusted with a child solely because he stays in the same house as that child and has some sort of relationship with the child." *United States v. Kenyon*, 481 F.3d 1054, 1072 (8th Cir. 2007) (citing *Blue*, 255 F.3d at 614).

Accordingly, the Court's tentative conclusion is that, without more evidence than is found in the presentence report, a two-level enhancement pursuant to § 2G2.1(b)(5) should not apply. But when the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will finally resolve this issue on the evidence (if any) presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

- 5 -

opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge